## In re CHAMPION TECHNOLOGIES, INC. and Permian Mud Service, Inc.

### No. 11–05–00186–CV.

Court of Appeals of Texas, Eastland.

Sept. 15, 2005.

B. Calvin Hendrick and James W. Essman, Shafer, Davis, O'Leary & Stoker, P.C., Odessa, TX, for relator.

Richard D. Davis, Midland, TX, Cory Curtis, Killion & Curtis L.L.P., Lubbock, TX, for real party in interest.

Panel consists of: WRIGHT, J., and McCALL, J.[3]

Opinion

TERRY McCALL, Justice.

*Order on Motion for Rehearing*

Relators, Champion Technologies, Inc. and Permian Mud Service, Inc., filed a petition for writ of mandamus on May 27, 2005, attacking the trial court's disposition of their motion to compel arbitration. After receiving responses to the petition from the real parties in interest, this court denied the petition on July 14, 2005, without issuing a written opinion. *See* TEX. R.APP.P. 52.8(d). Relators subsequently filed a motion for rehearing on July 28, 2005. Upon considering the motion for rehearing and the responses filed thereto, this court's judgment denying the petition is withdrawn, and the petition is conditionally granted as set forth below.

*Underlying Proceedings*

Real parties in interest, Burl Fuller, Danny Alexander, and Billy York, filed a wrongful termination action against relators on June 12, 2004. Relators filed a motion to compel arbitration on October 14, 2004, alleging that the claims were subject to a written arbitration agreement. On February 4, 2005, the parties appeared for a hearing on the motion to compel arbitration. The real parties in interest announced at the outset that they were not ready for the hearing, presumably because they wanted to conduct additional discovery regarding the enforceability of the arbitration agreement. After receiving the announcements from trial counsel, the trial court took a recess during which it conferred with counsel in chambers. Upon the conclusion of the conference with coun-

sel, the trial court announced the following disposition which is the subject of this proceeding:

> After meeting with counsel in chambers, unless counsel really want to, the Court has heard a great deal and has a great deal to read pertaining to the motion to compel, and the Court is aware of the motion to compel arbitration filed by [relators] and the responses of the [real parties in interest]. The Court is going to reserve ruling on that motion to compel at this time and carry it forward.
>
> The Court is going to go through and allow discovery on the theory that the Court may be a little easier to obtain a hearing on other than an arbitration panel. The discovery would probably be conducted whether the case is tried here in state court versus being heard by an arbitration panel. The entire matter may end up before an arbitration panel, but we're going to go through the discovery process here subject to the Court's rulings so that by the time the Court makes a determination of whether this case goes to arbitration or whether it's tried here in this Court, the discovery is complete.
>
> That's the Court's aim at this point in time, to where discovery is complete. If the case gets sent to arbitration then the discovery process does not need to be started all over again or continued, discovery is complete....People have what they—they need to do in order to try their case or present their case.

The trial court also denied relators' motion to stay discovery pending arbitration at the February 4, 2005, hearing.

---

**3.** W.G. Arnot, III, Chief Justice, retired effective July 31, 2005. The chief justice position is vacant.

## Standard of Review

■ Relators sought to compel arbitration under the provisions of the Federal Arbitration Act (FAA). *See* 9 U.S.C. §§ 1–16.[1] Under the FAA, the denial of a motion to compel arbitration is reviewable by mandamus because there is no adequate remedy by appeal. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271–72 (Tex.1992) (orig.proceeding). When Texas courts are called on to decide if disputed claims fall within the scope of an arbitration clause under the FAA, Texas procedure controls that determination. *Jack B. Anglin Co., Inc. v. Tipps, supra* at 268. We review orders compelling or denying arbitration under the FAA under an abuse of discretion standard. *Jack B. Anglin Co., Inc. v. Tipps, supra* at 271.

■ A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. den'd*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Nor may a reviewing court set aside the trial court's determination unless it is clear from the record that the trial court could only reach one decision. *Walker v. Packer, supra* at 840. Our review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker v. Packer, supra* at 840. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer, supra* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer, supra* at 840.

## Analysis

Relators raise two issues in seeking mandamus relief. They first assert that the trial court abused its discretion by not ruling on their motion to compel arbitration until after the completion of discovery. In their second issue, relators contend that the trial court abused its discretion in denying their motion to stay discovery pending arbitration.

■ With respect to relators' first issue, there are conflicting opinions from the First and Thirteenth Courts of Appeals relating to the trial court's decision to defer ruling on the motion to compel arbitration until after the completion of discovery. In *C P & Associates v. Pickett*, 697 S.W.2d 828, 831 (Tex.App.-Corpus Christi 1985, no writ), the court of appeals upheld the trial court's decision to stay arbitration proceedings until the completion of discovery. In *In re MHI Partnership, Ltd.*, 7 S.W.3d 918, 923 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding), the court of appeals directed the trial court to vacate its order deferring a ruling on a motion to compel arbitration pending completion of discovery. Accordingly, the holding in *Pickett* appears to support the action taken by the trial court whereas the decision in *MHI* supports relators' position. We conclude that the holding of the First Court of Appeals in *MHI* is the correct statement of the law in this regard.

The First Court of Appeals relied heavily upon the Texas Supreme Court's decision in *Tipps* in reaching its holding in *MHI. See Jack B. Anglin Co., Inc. v.*

1. The arbitration agreement at issue provides that the provisions of the FAA are to govern its application.

*Tipps, supra.*[2] *Tipps* is a significant opinion because it outlined the procedures to be followed when a motion to compel arbitration is filed. *Jack B. Anglin Co., Inc. v. Tipps, supra* at 268–269. The supreme court stated in *Tipps* that the expedited disposition of a dispute is one of the main benefits of arbitration. *Jack B. Anglin Co., Inc. v. Tipps, supra* at 269. The supreme court also acknowledged that the legislature has mandated that a motion to compel arbitration is to be "summarily" decided. *Jack B. Anglin Co., Inc. v. Tipps, supra* at 269; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(b) (Vernon 2005). In *MHI,* the court of appeals relied upon the principles announced in *Tipps* to conclude that a motion to compel arbitration should be decided in an expedient manner. *In re MHI Partnership, Ltd., supra* at 922–23. The court of appeals concluded that the trial court had no discretion to defer ruling on the merits of a motion to compel arbitration until after discovery had been completed in the case because doing so violated the mandate that arbitration issues be decided summarily. *In re MHI Partnership, Ltd., supra* at 923.

■ We agree with the First Court of Appeals's determination in *MHI* that delaying a decision on a motion to compel arbitration until after discovery is completed defeats the goal of resolving arbitration issues promptly. We also agree that the trial court lacks discretion to defer ruling on a motion to compel arbitration until the completion of all discovery in the case because doing so forces the parties to litigate their dispute in the trial court even though it may ultimately be determined that all or some of the claims are subject to arbitration. We note in this regard that the arbitration provision at issue in this case explicitly provides that "[t]he arbitrator shall have discretion to determine the form, amount and frequency of discovery by the Parties." Accordingly, we conclude that the trial court abused its discretion by deferring its ruling on the motion to compel arbitration until after the completion of discovery in the case.

The real parties in interest argue that, in light of the holding in *Pickett,* the trial court did not act without reference to guiding rules and principles and, therefore, did not abuse its discretion. However, we have determined that the holding in *Pickett* is incorrect. As noted previously, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker v. Packer, supra* at 840. The real parties in interest additionally argue that relators have waived their right to obtain a ruling on their motion to compel arbitration prior to the completion of discovery as a result of relators' participation in the discovery process to date. This argument is more properly characterized as addressing the merits of the motion to compel arbitration. *See EZ Pawn Corporation v. Mancias,* 934 S.W.2d 87, 89 (Tex.1996); *In re MHI Partnership, Ltd., supra* at 921. Relators' first issue is sustained.

■ In support of their second issue, relators' arguments focus on the merits of their motion to compel arbitration. Relators ask this court to enter an order referring this litigation to arbitration and stay all discovery pending arbitration. As correctly noted by the real parties in interest, the arbitration issue is not ripe for our consideration because the trial court has not made a ruling on the merits of the motion to compel arbitration. *See In re MHI Partnership, Ltd., supra* at 921. Ac-

---

**2.** It is significant to note that the opinion of the Thirteenth Court of Appeals in *Pickett* preceded the supreme court's opinion in *Tipps.*

cordingly, we do not reach relators' second issue.

*This Court's Ruling*

This court's judgment of July 14, 2005, denying the petition is withdrawn. We conditionally grant the petition for writ of mandamus. A writ of mandamus will issue if the trial court does not (1) vacate its order deferring a ruling on relators' motion to compel arbitration and (2) either rule summarily on the motion or rule on the motion after conducting an evidentiary hearing promptly if one is required to determine disputed facts on the issues relevant to the merits of the motion to compel arbitration. *See* Section 171.021(b).