## In re HERITAGE BUILDING SYSTEMS, INC.

No. 09–05–445 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 28, 2005.

Decided Feb. 9, 2006.

David R. Sweat, Arlington, for relator.

Jon B. Burmeister, Dan Ducote, Jr., Moore Landrey, LLP, Beaumont, for real party in interest.

Before GAULTNEY, KREGER and HORTON, JJ.

## OPINION

PER CURIAM.

The issue in this case is whether we should enforce an arbitration agreement between the parties to a contract. Heritage Building Systems, Inc. ("Heritage") requests that we direct the trial court to order claims asserted in a lawsuit against it by John Bohler be sent to arbitration. We conditionally grant the writ of mandamus sought by Heritage.

## Background

Bohler's lawsuit relates to his purchase of materials to construct a prefabricated building pursuant to a contract with Heritage dated February 27, 2004. An arbitration clause in the general terms and conditions of the contract provides in part:

21. **Arbitration:** Buyer and Seller agree that in the event of any disputes from this transaction whether in contract or tort, Buyer and Seller shall submit all matters to final and binding arbitration. The parties designate American Arbitration Association as the arbitrator to conduct any hearings in Little Rock, Arkansas. The prevailing party in the arbitration shall be awarded their costs and attorney's fees.

Bohler's signature appears on the front of the purchase order.

Following his receipt of the materials for the building, Bohler sued Heritage claiming that Heritage incorrectly engineered and manufactured components of the building. Heritage responded on April 29, 2005, by filing a plea in abatement in which Heritage asserted that the parties' contract contained an arbitration clause that required Bohler to submit the dispute to arbitration. On July 7, 2005, Bohler filed a motion requesting that the trial court refer the case to mediation. On July 16, 2005, Heritage filed its Motion to Enforce Agreement to Arbitrate.

On August 29, 2005, the trial court granted Bohler's motion to refer the case to mediation and advised that Heritage's motions were being taken under advisement until after mediation. The trial court's order required that mediation take place in Beaumont not later than October 27, 2005, and also advised that within ten days of receiving the order any party could file a written objection to the court's referral of the case to mediation. On October

14, 2005, Heritage filed its petition for writ of mandamus.

### Governing Law and Agreement to Arbitrate

In its Petition for Writ of Mandamus, Heritage asserts that it presented evidence of the contract containing the above arbitration clause at the hearing on its motion requesting that the matter be sent to arbitration. Bohler does not contest Heritage's assertion that evidence of the contract was before the trial court at the hearing. Under the Rules of Appellate Procedure, we accept as true the facts stated in Heritage's brief unless contradicted by Bohler. TEX.R.APP. P. 38.1(f).

■ Since the transaction involved commerce between Heritage, an Arkansas resident, and Bohler, a Texas resident, Heritage asserts the Federal Arbitration Act ("FAA") applies to the contract. *See* 9 U.S.C.A. §§ 1–16 (West 1999 & Supp. 2005). The FAA is applicable to contracts "evidencing a transaction involving commerce." *Id.* at § 2. An arbitration agreement is governed by the FAA if the contract relates to interstate commerce. *Perry v. Thomas,* 482 U.S. 483, 489, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 269–70 (Tex.1992). Interstate commerce is broadly defined, and "is not limited to the interstate shipment of goods, but includes all contracts 'relating to' interstate commerce." *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 754 (Tex.2001)(orig.proceeding). Here, Bohler's contract involves the interstate shipment of goods, and is clearly within the definition of interstate commerce.

■ Bohler does not dispute that the FAA applies, but argues that Texas's policy of encouraging settlement permits the trial court to refer the case to mediation prior to ordering the case to arbitration.

See TEX. CIV. PRAC. & REM.CODE ANN. § 154.001–154.023 (Vernon 2005). "Generally, under the FAA, state law governs whether a litigant agreed to arbitrate, and federal law governs the scope of an arbitration clause." *In re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex.2005)(orig.proceeding).

■ Bohler also does not dispute that his claims fall within the scope of the arbitration clause. It is also apparent from the record that the claims asserted by Bohler are within the scope of the arbitration clause. "Claims must be brought on the contract (and arbitrated) if liability arises solely from the contract or must be determined by reference to it." *Id.* at 132.

Thus, we find that Heritage made a prima facie showing to the trial court that a valid arbitration agreement existed between it and Bohler. Because the transaction in issue was between citizens of different states, it relates to interstate commerce. Therefore, we also find that the FAA applies to the dispute.

### Mandamus

■ To correct an error made by the trial court, mandamus relief is available where the trial court does not follow guiding rules and principles and reaches an arbitrary and unreasonable decision. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005)(citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992)). Also, a trial court abuses its discretion if it erroneously applies the law to the facts, or if it errs in determining the law. *In re Bruce Terminix Co.,* 988 S.W.2d 702, 703 (Tex.1998)(orig.proceeding).

■ Under the FAA, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A. § 4. Further, federal law applicable to arbitration agreements states "the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C.A. § 3. Thus, under the FAA if there is a valid agreement to arbitrate a dispute that falls within the scope of the arbitration agreement, federal law directs the trial court to refer the matter to arbitration and to stay the proceedings in its court.

But, does the trial court, prior to enforcing an arbitration clause under the FAA, have the discretion to enter other orders that do not constitute a trial? Does the FAA allow the trial court to exercise control of the litigation for everything prior to the trial date? Clearly, allowing the trial court to interpose mediation would result in some additional delay and some additional expense in implementing the dispute resolution to which the parties contractually agreed.

■ The Eastland Court of Appeals, in *In re Champion Technologies, Inc.,* 173 S.W.3d 595, 599 (Tex.App.-Eastland 2005, orig. proceeding), held that "the trial court lacks discretion to defer ruling on a motion to compel arbitration until the completion of all discovery in the case because doing so forces the parties to litigate their dispute in the trial court even though it may ultimately be determined that all or some of the claims are subject to arbitration." The appellate court conditionally granted a writ requiring the court to summarily rule on the motion to compel arbitration. *Id.* at 600. The First Court of Appeals reached a similar result in a case governed by the Texas Arbitration Act that involved a trial court's deferring its ruling on a motion to compel arbitration until the parties completed discovery. In *In re MHI Partnership, Ltd.,* 7 S.W.3d 918, 923 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding) the First Court of Appeals states:

> Delaying a decision on the merits of arbitrability until after discovery substantially defeats the policy behind [Texas Civil Practice and Remedies Code] section 171.021's abbreviated procedure, and it violates section 171.021's mandate to decide the issues summarily. We agree with MHI and McGuyer that, '[i]n effect, the trial court is forcing [them] to litigate before the court will rule on the motion to compel arbitration and stay litigation.' Accordingly, we hold the trial judge had no discretion to defer his ruling until after discovery had been completed in the case.

Although it appears that this is a case of first impression regarding whether a trial judge can delay ruling on a motion to compel arbitration while ordering the parties to mediate, we likewise believe the FAA contemplates not just a stay of the trial, but a stay of the trial proceedings involving matters other than threshold issues such as whether the parties entered into a valid and enforceable arbitration agreement. The order referring the case to mediation does not involve any aspect of any threshold issue.

### Conclusion

Discovery into the merits of claims in a suit is one of many aspects involved in litigating a case in a court. Frequently, another aspect of litigating a case in court is court ordered mediation. Either may

interfere with the expectation of the parties to an arbitration agreement that the resolution of their dispute will be handled promptly and expeditiously through arbitration.

The parties to this contract chose to resolve their dispute through arbitration, and federal law mandates that a case be ordered "to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A. § 4. The arbitrator may, or may not, choose to require mediation. However, the trial court's ordering the parties to mediation undermines the expectation of the parties that their dispute will be resolved by proceedings directed by an arbitrator.

We conditionally grant the writ of mandamus and direct the trial court to vacate its order requiring the parties to mediate. We also direct that the trial court rule summarily on the motion to compel arbitration or to conduct an evidentiary hearing if one is required to determine disputed facts. We are confident the trial court will comply, and our writ will issue only if it does not.

WRIT CONDITIONALLY GRANTED.