In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-445 CV


____________________



IN RE HERITAGE BUILDING SYSTEMS, INC.






Original Proceeding






 OPINION 


 The issue in this case is whether we should enforce an arbitration agreement between
the parties to a contract. Heritage Building Systems, Inc. ("Heritage") requests that we direct
the trial court to order claims asserted in a lawsuit against it by John Bohler be sent to
arbitration. We conditionally grant the writ of mandamus sought by Heritage.

Background


 Bohler's lawsuit relates to his purchase of materials to construct a prefabricated
building pursuant to a contract with Heritage dated February 27, 2004. An arbitration clause
in the general terms and conditions of the contract provides in part:


21. Arbitration: Buyer and Seller agree that in the event of
any disputes from this transaction whether in contract or tort,
Buyer and Seller shall submit all matters to final and binding
arbitration. The parties designate American Arbitration
Association as the arbitrator to conduct any hearings in Little
Rock, Arkansas. The prevailing party in the arbitration shall be
awarded their costs and attorney's fees.

Bohler's signature appears on the front of the purchase order. 

 Following his receipt of the materials for the building, Bohler sued Heritage claiming
that Heritage incorrectly engineered and manufactured components of the building. Heritage
responded on April 29, 2005, by filing a plea in abatement in which Heritage asserted that
the parties' contract contained an arbitration clause that required Bohler to submit the dispute
to arbitration. On July 7, 2005, Bohler filed a motion requesting that the trial court refer the
case to mediation. On July 16, 2005, Heritage filed its Motion to Enforce Agreement to
Arbitrate. 

 On August 29, 2005, the trial court granted Bohler's motion to refer the case to
mediation and advised that Heritage's motions were being taken under advisement until after
mediation. The trial court's order required that mediation take place in Beaumont not later
than October 27, 2005, and also advised that within ten days of receiving the order any party
could file a written objection to the court's referral of the case to mediation. On October 14,
2005, Heritage filed its petition for writ of mandamus. 

 

Governing Law and Agreement to Arbitrate

 In its Petition for Writ of Mandamus, Heritage asserts that it presented evidence of the
contract containing the above arbitration clause at the hearing on its motion requesting that
the matter be sent to arbitration. Bohler does not contest Heritage's assertion that evidence
of the contract was before the trial court at the hearing. Under the Rules of Appellate
Procedure, we accept as true the facts stated in Heritage's brief unless contradicted by
Bohler. Tex. R. App. P. 38.1(f). 

 Since the transaction involved commerce between Heritage, an Arkansas resident, and
Bohler, a Texas resident, Heritage asserts the Federal Arbitration Act ("FAA") applies to the
contract. See 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2005). The FAA is applicable to
contracts "evidencing a transaction involving commerce." Id. at § 2. An arbitration
agreement is governed by the FAA if the contract relates to interstate commerce. Perry v.
Thomas, 482 U.S. 483, 489, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987); Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 269-70 (Tex. 1992). Interstate commerce is broadly
defined, and "is not limited to the interstate shipment of goods, but includes all contracts
'relating to' interstate commerce." In re FirstMerit Bank, N.A., 52 S.W.3d 749, 754 (Tex.
2001)(orig. proceeding). Here, Bohler's contract involves the interstate shipment of goods,
and is clearly within the definition of interstate commerce.


 Bohler does not dispute that the FAA applies, but argues that Texas's policy of
encouraging settlement permits the trial court to refer the case to mediation prior to ordering
the case to arbitration. See Tex. Civ. Prac. & Rem. Code Ann. § 154.001-154.023 (Vernon
2005). "Generally, under the FAA, state law governs whether a litigant agreed to arbitrate,
and federal law governs the scope of an arbitration clause." In re Weekley Homes, L.P., 2005
WL 3676775, *2 (Tex. Oct. 28, 2005)(orig. proceeding). 

 Bohler also does not dispute that his claims fall within the scope of the arbitration
clause. It is also apparent from the record that the claims asserted by Bohler are within the
scope of the arbitration clause. "Claims must be brought on the contract (and arbitrated) if
liability arises solely from the contract or must be determined by reference to it." Id. at *3.

 Thus, we find that Heritage made a prima facie showing to the trial court that a valid
arbitration agreement existed between it and Bohler. Because the transaction in issue was
between citizens of different states, it relates to interstate commerce. Therefore, we also find
that the FAA applies to the dispute.

Mandamus 

 To correct an error made by the trial court, mandamus relief is available where the
trial court does not follow guiding rules and principles and reaches an arbitrary and
unreasonable decision. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005)(citing In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992)). Also, a trial court abuses its discretion if it erroneously
applies the law to the facts, or if it errs in determining the law. In re Bruce Terminix Co., 988
S.W.2d 702, 703 (Tex. 1998)(orig. proceeding). 

 Under the FAA, "upon being satisfied that the making of the agreement for arbitration
or the failure to comply therewith is not in issue, the court shall make an order directing the
parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A.
§ 4. Further, federal law applicable to arbitration agreements states "the court . . . upon being
satisfied that the issue involved in such suit or proceeding is referable to arbitration under
such an agreement, shall on application of one of the parties stay the trial of the action until
such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C.A.
§ 3. Thus, under the FAA if there is a valid agreement to arbitrate a dispute that falls within
the scope of the arbitration agreement, federal law directs the trial court to refer the matter
to arbitration and to stay the proceedings in its court. 

 But, does the trial court, prior to enforcing an arbitration clause under the FAA, have
the discretion to enter other orders that do not constitute a trial? Does the FAA allow the trial
court to exercise control of the litigation for everything prior to the trial date? Clearly,
allowing the trial court to interpose mediation would result in some additional delay and
some additional expense in implementing the dispute resolution to which the parties
contractually agreed. 

 The Eastland Court of Appeals, in In re Champion Technologies, Inc., 173 S.W.3d
595, 599 (Tex. App. - Eastland 2005, orig. proceeding), held that "the trial court lacks
discretion to defer ruling on a motion to compel arbitration until the completion of all
discovery in the case because doing so forces the parties to litigate their dispute in the trial
court even though it may ultimately be determined that all or some of the claims are subject
to arbitration." The appellate court conditionally granted a writ requiring the court to
summarily rule on the motion to compel arbitration. Id. at 600. The First Court of Appeals
reached a similar result in a case governed by the Texas Arbitration Act that involved a trial
court's deferring its ruling on a motion to compel arbitration until the parties completed
discovery. In In re MHI Partnership, Ltd., 7 S.W.3d 918, 923 (Tex. App. - Houston [1st
Dist.] 1999, orig. proceeding) the First Court of Appeals states:

Delaying a decision on the merits of arbitrability until after
discovery substantially defeats the policy behind [Texas Civil
Practice and Remedies Code] section 171.021's abbreviated
procedure, and it violates section 171.021's mandate to decide
the issues summarily. We agree with MHI and McGuyer that,
'[i]n effect, the trial court is forcing [them] to litigate before the
court will rule on the motion to compel arbitration and stay
litigation.' Accordingly, we hold the trial judge had no
discretion to defer his ruling until after discovery had been
completed in the case.


Although it appears that this is a case of first impression regarding whether a trial judge can
delay ruling on a motion to compel arbitration while ordering the parties to mediate, we
likewise believe the FAA contemplates not just a stay of the trial, but a stay of the trial
proceedings involving matters other than threshold issues such as whether the parties entered
into a valid and enforceable arbitration agreement. The order referring the case to mediation
does not involve any aspect of any threshold issue.

Conclusion

 Discovery into the merits of claims in a suit is one of many aspects involved in
litigating a case in a court. Frequently, another aspect of litigating a case in court is court
ordered mediation. Either may interfere with the expectation of the parties to an arbitration
agreement that the resolution of their dispute will be handled promptly and expeditiously
through arbitration. 

 The parties to this contract chose to resolve their dispute through arbitration, and
federal law mandates that a case be ordered "to proceed to arbitration in accordance with the
terms of the agreement." 9 U.S.C.A. § 4. The arbitrator may, or may not, choose to require
mediation. However, the trial court's ordering the parties to mediation undermines the
expectation of the parties that their dispute will be resolved by proceedings directed by an
arbitrator.

 We conditionally grant the writ of mandamus and direct the trial court to vacate its
order requiring the parties to mediate. We also direct that the trial court rule summarily on
the motion to compel arbitration or to conduct an evidentiary hearing if one is required to
determine disputed facts. We are confident the trial court will comply, and our writ will
issue only if it does not.

 WRIT CONDITIONALLY GRANTED.

 

 PER CURIAM


Submitted on October 28, 2005

Opinion Delivered February 9, 2006


Before Gaultney, Kreger and Horton, JJ.