**Jackie TEEL, Appellant,**

v.

**BELDON ROOFING & REMODELING CO., d/b/a Beldon Roofing Co., and Steve Phillips, Appellees.**

No. 04–06–00231–CV.

Court of Appeals of Texas, San Antonio.

April 25, 2007.

Rehearing Overruled June 15, 2007.

---

Christopher D. Below, Robert W. Loree, Loree, Hernandez & Lipscomb, P.L.L.C., San Antonio, for appellant.

Daniel O. Kustoff, Melanie Phipps, Lang & Kustoff, L.L.P., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

Jackie Teel appeals the trial court's order compelling arbitration; alternatively Teel challenges the arbitrator's decision under the Federal Arbitration Act. We affirm the trial court's judgment.

### BACKGROUND

Teel originally sued Beldon Roofing and Remodeling Co. d/b/a Beldon Roofing Company and Steve Phillips (collectively "Beldon") for breach of contract and breach of warranty under the Texas Deceptive Trade Practices Act. She asserts that Beldon is responsible for mold in her home resulting from Beldon's alleged failure to complete roof repairs on her house. Beldon subsequently filed motions to compel arbitration and stay proceedings pursuant to the contract between Teel and Beldon which expressly incorporated the Federal Arbitration Act ("FAA"). The Honorable Martha Tanner conducted an evidentiary hearing and granted Beldon's motions.

After the arbitrator awarded Teel $29,500, she filed a motion to vacate the arbitration award. The Honorable Joe Frazier Brown entered an order modifying Teel's arbitration award, adding pre-judgment interest at a rate of six percent, and confirmed the arbitration award as modified.

On appeal, Teel argues the trial court erred in compelling arbitration because Beldon did not prove that the transaction affected interstate commerce, which Teel contends is a jurisdictional prerequisite to FAA applicability. Additionally, Teel argues that the arbitrator's decision was in manifest disregard of the law.[1]

### APPLICATION OF THE FEDERAL ARBITRATION ACT

Teel argues the trial court erred in granting Beldon's motion to compel arbitration because Beldon failed to show the transaction affected interstate commerce. We review orders compelling arbitration under the FAA under an abuse of discretion standard. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex.1992); *Dell, Inc. v. Muniz*, 163 S.W.3d 177, 180 (Tex.App.-San Antonio 2005, no pet.). A trial court abuses its discretion when it acts without reference to any guiding principles or if it acts in an arbitrary manner. *In re Champion Technologies, Inc.*, 173 S.W.3d 595, 598 (Tex.App.-Eastland 2005, no pet.). When reviewing matters committed to a trial court's discretion, we may not substitute our judgment for that of the trial court and we will find an abuse of discretion only where there is a clear fail-

---

1. As a preliminary matter, Beldon questions whether the case is properly before this court because Teel failed to challenge the order compelling arbitration by mandamus. For purposes of this opinion, we will assume, without deciding, that the issue has been properly presented in this appeal.

ure by the trial court to analyze or apply the law correctly. *Id.*

When there is no express agreement to arbitrate under the FAA, a party may establish the applicability of the FAA by showing that the transaction affects or involves interstate commerce. *In re Kellogg Brown & Root,* 80 S.W.3d 611, 617 (Tex.App.-Houston [1st Dist.] 2002, orig. proceeding). However, when there is an express agreement to arbitrate under the FAA, courts have upheld such choice-of-law provisions even though the transaction at issue does not involve interstate commerce. *Id.* As the *Kellogg* court explained, when "the parties agree to arbitrate under the FAA, they are not required to establish that the transaction at issue involves or affects interstate commerce." *Id.*

Teel takes issue with the *Kellogg Brown & Root* decision, however, contending that it was wrongly decided. Instead, Teel relies on *In re D. Wilson Construction Co.,* 196 S.W.3d 774 (Tex.2006), for the proposition that the movant for arbitration must prove that the transaction affects interstate commerce in order to trigger jurisdiction under the FAA. *Wilson Construction Co.* is distinguishable from the present case, however, because the contracts in that case referenced neither the FAA nor the Texas Arbitration Act (TAA). Instead, the contracts only noted that "[t]he Contracts shall be governed by the law of the place where the Project is located" and the court was therefore forced to determine whether the FAA should preempt the TAA and apply to the dispute. *Id.* at 778.

The contract between Teel and Beldon provides: "[A]ny controversy or claim arising out of or relating to this Proposal and Agreement or breach thereof shall be settled by arbitration binding on both parties in accordance with the Federal Arbitration Act...." Therefore, because Teel and Bel-

don signed a contract to arbitrate under the FAA, they are bound to their agreement even if their transaction did not involve interstate commerce. *See In re Kellogg Brown & Root,* 80 S.W.3d at 617; *In re Dan Ledet,* No. 04-04-00411-CV, 2004 WL 2945699, at *2 (Tex.App.-San Antonio, Dec.22, 2004, no pet.) (mem.op.). Because we have found no case holding that the interstate commerce component is a *jurisdictional* prerequisite to applicability of the FAA, we cannot say that the parties are precluded from agreeing to be bound by the FAA. We therefore overrule Teel's first issue.

### MANIFEST DISREGARD OF THE LAW

Teel also argues that the arbitrator's award should be set aside because the arbitrator acted in manifest disregard of the law. We review a trial court's confirmation of an arbitration award *de novo. American Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.,* 74 S.W.3d 527, 531 (Tex.App.-Dallas 2002, pet. denied). Our review of arbitration awards is extraordinarily narrow and we must indulge every reasonable presumption in favor of upholding the arbitration award. *GJR Management Holdings, L.P. v. Jack Raus, Ltd.,* 126 S.W.3d 257, 262 (Tex.App.-San Antonio 2003, pet. denied).

Manifest disregard for the law, which "means more than error or misunderstanding with respect to the law," has been recognized by the Fifth Circuit as a non-statutory ground for vacating an arbitration award. *Prestige Ford v. Ford Dealer Computer Services, Inc.,* 324 F.3d 391 (5th Cir.2003). To find manifest disregard, the arbitrator must have "appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it." *Id.* at 395. Additionally, "the governing law ignored by the arbitrators must be well defined, explicit, and

clearly applicable" and "judicial inquiry under the 'manifest disregard' standard is therefore extremely limited." *Id.*

Teel claims that the arbitrator ignored her request for an itemized award and ignored Texas law regarding undisputed damages. Teel also argues that the arbitrator disregarded Texas law when he failed to state reasons for the arbitration award; however, Teel fails to identify any particular Texas rule or statute allegedly ignored by the arbitrator. Further, given the limited record available to this court, and absent further documentation suggesting a willful inattentiveness to the governing law, it would be difficult to hold that the arbitrator acted with manifest disregard for an applicable law without undermining our need to defer to the arbitration process. *See id.* Finally, arbitrators need not give reasons for their awards and even when they do provide such rationale, courts may not review that reasoning. *Brabham v. A.G. Edwards & Sons Inc.,* 376 F.3d 377, 385 (5th Cir.2004). Accordingly, we are not persuaded by Teel's arguments related to the arbitrator's alleged manifest disregard of the law.

 Teel further claims that the arbitration award was arbitrary and capricious. Unlike manifest disregard, arbitrariness and capriciousness are not accepted non-statutory grounds for vacatur in FAA cases. *Brabham,* 376 F.3d at 382 (rejecting "arbitrariness and capriciousness as an independent nonstatutory ground for vacatur under the FAA," reasoning that "multiplying the grounds for vacatur would be inconsistent with the deference [the Court] must accord an arbitrator's decision.") Therefore, we will not vacate the award on grounds of arbitrariness or capriciousness. We thus overrule Teel's second issue.

CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.