Opinion filed May 22, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00079-CV
_____

### CAROL JOHNENE MORRIS, Appellant
### V.
### DEERE & COMPANY D/B/A
### JOHN DEERE COMPANY, Appellee

**On Appeal from County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC15623**

### M E M O R A N D U M   O P I N I O N

Appellant, Carol Johnene Morris, appeals from a summary judgment entered in favor of Deere & Company d/b/a John Deere Company on its breach of contract claim. Appellant raises four issues on appeal. We affirm.

*Background*

The summary judgment evidence shows that, in 2006, Appellant purchased two pieces of farm equipment—a John Deere 790 Compact Utility Tractor and a John Deere LX5 Rotary Cutter—from Deere's dealer, B.E. Implement Partners,

Ltd., for a combined total of $13,600. Appellant made a $3,000 cash down payment at the time of purchase and signed a bill of sale that contained a sales tax exemption pursuant to Texas law and Texas Comptroller rulings. B.E. Implement later delivered the equipment to Appellant's residence. At the time of delivery, however, Appellant had been arrested and was incarcerated. Apparently acting pursuant to a power of attorney executed by Appellant, Carolyn Turner signed Appellant's name and initials on a document entitled "Retail Installment Contract – Lien Contract – Security Interest," as well as on a "Customer Purchase Order" for the sale of the farm equipment. These documents provided for the financing of the purchase of the farm equipment and required Appellant to make periodic payments to Deere in the amount of $275 a month. Appellant denies that Turner had the authority to sign any such documents on her behalf and claims that Turner's signature constituted an illegal forgery of Appellant's name.

Over the next three years, Appellant made payments to Deere according to the terms of the Retail Installment Contract. Appellant stopped making payments under the contract after a payment she made on March 3, 2009. Appellant owed a remaining balance of $4,788.45 in 2010. Deere notified Appellant of her outstanding balance and allowed her the opportunity to pay the amount prior to the initiation of litigation. Deere subsequently filed the underlying suit for breach of contract against Appellant upon her failure to make the remaining payments due under the Retail Installment Contract. In its suit, Deere sought to collect the outstanding balance on the farm equipment, pre- and post-judgment interest, court costs, and attorney's fees. Deere also sought a judgment to establish its right to foreclose on the farm equipment as collateral for the loan.

Appellant appeared pro se in the trial court, and she represents herself in this appeal. In her pro se answer to Deere's First Amended Petition, she asserted that she never agreed to pay monthly payments in the amount of $275 but, rather,

2

agreed to pay $150 per month. She additionally alleged that Deere fraudulently required her to make monthly payments of $275 and failed to accurately describe the equipment that formed the basis of the suit. Appellant never specifically denied liability for the purchase price of the equipment.

Deere filed a traditional motion for summary judgment on its claims against Appellant. In addition to documents associated with the transaction, Deere attached the affidavits of Judy Davidson and Ed Phillips, Jr. as summary judgment evidence. Davidson stated in her affidavit that she was employed as a Litigation Administrator for the loan servicing entity that administers Deere's accounts, including Appellant's account. Davidson described the transaction and Appellant's failure to pay the outstanding balance. Davidson conceded that, based upon her review of the Retail Installment Contract, Appellant's signature therein did not appear to be her own when compared to other documents that contained her signature. Phillips stated in his affidavit that he was an attorney representing Deere in the case at hand. Phillips outlined the work he performed on the case and stated that the total fees and expenses requested in the case, including attorney's fees, was $5,958.58.

Appellant filed a written response to Deere's motion for summary judgment wherein she complained of the alleged forgery of her signature and her alleged illegal incarceration.[1] She attached her own affidavit as summary judgment evidence directing the court to consider numerous attached exhibits.

The trial court held a hearing on Deere's motion for summary judgment on January 6, 2012. Appellant participated in the hearing via telephone because she was still incarcerated at the time. During the hearing, Appellant made an oral request to compel arbitration according to the terms of the Retail Installment Contract. The record reflects that this was the first time Appellant attempted to

---

[1]Appellant does not allege that her incarceration occurred as a result of the transaction with Deere.

invoke the arbitration clause in the Retail Installment Contract. When the trial court denied her oral request, Appellant hung up the telephone and declined to participate in the remainder of the proceedings.

The trial court granted Deere's motion for summary judgment by entering judgment against Appellant for the sum of $5,364.97 for the unpaid principal and associated interest and fees, plus an additional $5,958.58 for Deere's reasonable and necessary attorney's fees and expenses. The trial court's judgment further permitted Deere to initiate foreclosure proceedings upon the equipment.

*Analysis*

In her first issue, Appellant contends that the trial court abused its discretion by exercising in personam and subject-matter jurisdiction because the contract at issue required the dispute to be settled through arbitration. Appellant sought to compel arbitration according to the arbitration clause in the Retail Installment Contract. It provides that a party may elect to resolve a claim or dispute by binding arbitration "[i]if this is a consumer Credit transaction." It further provides that arbitration of disputes under the contract is to be governed by the provisions of the Federal Arbitration Act (FAA). *See* 9 U.S.C. §§ 1–16.

We review orders compelling or denying arbitration under the FAA under an abuse of discretion standard. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009); *In re Champion Techs., Inc.*, 173 S.W.3d 595, 598 (Tex. App.—Eastland 2005, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles and acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under this standard, we defer to the trial court's factual determinations but review legal issues de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d at 642–43.

A party seeking to compel arbitration under the FAA must establish (1) that there is a valid arbitration clause and (2) that the claims in dispute fall within that

4

agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011). When deciding whether claims fall within the scope of an arbitration agreement, courts employ a strong presumption in favor of arbitration. *Id.* at 225. Thus, the scope of an arbitration agreement must be broadly interpreted, and when exceptions to an arbitration agreement are at issue, we construe the exceptions narrowly in light of the federal policies favoring arbitration. *In re NEXT Fin. Grp., Inc.*, 271 S.W.3d 263, 267 (Tex. 2008).

The trial court found that the arbitration clause was not invoked because Appellant's purchase of the farm equipment was a commercial transaction rather than a consumer transaction. As noted previously, the arbitration clause in the Retail Installment Contract states that a party may elect to resolve a claim or dispute by binding arbitration "[i]f this is a consumer Credit transaction." Thus, by the express terms of the agreement, a commercial credit transaction falls outside the scope of claims governed by the arbitration clause.

We agree with the trial court's determination that Appellant's purchase of the farm equipment constituted a commercial transaction. When Appellant made the initial $3,000 cash down payment for the equipment, she signed a bill of sale in which she claimed a tax exemption for the purchase of machinery and equipment used in a commercial manner. *See* TEX. TAX CODE ANN. § 151.316(a) (West 2013); 34 TEX. ADMIN. CODE § 3.296 (West 2014) (Comptroller of Pub. Accounts, Agric., Animal Life, Feed, Seed, Plants, and Fertilizer). Furthermore, the Retail Installment Contract contains a "Commercial Purpose Affidavit" provision, which states that the undersigned affirms and represents that the transaction evidenced by the contract is a commercial credit transaction and that the subject goods "will be used by the undersigned in [her] business primarily for commercial purposes and will not be used primarily for personal, family, or household use." This provision

was signed in Appellant's name and evidences the commercial nature of the transaction.

Appellant alleges that she did not sign the Retail Installment Contract, including the Commercial Purpose Affidavit provision. She further asserts that her signature was illegally forged by her acting power of attorney, Carolyn Turner, based upon Appellant's claims that Turner's authority to sign on her behalf was limited to banking matters. However, the actual power of attorney is not included in the appellate record. Furthermore, the record contains a letter from the acting district attorney of Midland County showing that Turner had the power to manage all of Appellant's properties and accounts pursuant to the power of attorney. Accordingly, there is summary judgment evidence upon which the trial court could have reasonably concluded that Turner acted within her authority when executing the Commercial Purpose Affidavit. Consequently, the trial court did not err when it determined that Appellant's purchase of the farm equipment was for commercial purposes and fell outside of the scope of the arbitration clause. We overrule Appellant's first issue.

In her second and third issues, Appellant challenges the competency of certain summary judgment evidence. Specifically, Appellant contends that the trial court abused its discretion when it (1) considered as competent summary judgment evidence the affidavits of Davidson and Phillips and (2) ignored Appellant's Affidavit of Evidence in opposition to Deere's motion for summary judgment.

While Appellant directs her second and third issues at the summary judgment affidavits, she does not reference the affidavits in the "arguments" portion of her brief. Instead, she focuses her arguments on the contentions raised in her first issue and to extraneous matters that are not at issue in this appeal. Appellant also fails to cite to relevant portions of the record pertaining to the affidavits or to any authority to support her allegations about the affidavits.

6

TEX. R. APP. P. 38.1(i) provides that "the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Thus, we conclude that Appellant's second and third issues are waived for the purposes of appellate review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate courts have discretion to deem points of error waived due to inadequate briefing). We overrule Appellant's second and third issues.

In her fourth issue, Appellant contends that she was never provided consideration for the agreement to purchase the farm equipment. Although Appellant complained in her Original Answer of a lack of consideration, she did not reiterate that complaint in her First Amended Answer and never raised the defense of failure of consideration in her response to Deere's motion for summary judgment. *See* TEX. R. CIV. P. 94 ("[F]ailure of consideration" is an affirmative defense which must be specifically pleaded.). Moreover, as with her second and third issues, Appellant raises the issue of consideration as one of her appellate issues, but she never addresses the issue in the argument portion of her brief. Appellant does not provide any factual analysis regarding any alleged failure of consideration in this case, and she does not direct this court to any authority to support the issue. Therefore, Appellant has waived the defense of consideration for the purposes of appellate review. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284–85. We overrule Appellant's fourth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

May 22, 2014                                          JOHN M. BAILEY

Panel consists of: Wright, C.J.,              JUSTICE
Willson, J., and Bailey, J.

7