ACCEPTED
01-15-00640-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/3/2015 2:42:24 PM
CHRISTOPHER PRINE
CLERK

**Cause No. 01-15-00640-CV**

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/3/2015 2:42:24 PM
CHRISTOPHER A. PRINE
~~Clerk~~

GREYSTONE MULTI-FAMILY BUILDERS, INC.,

*Appellant,*

V.

TES ELECTRIC LP,

*Appellee.*

**APPELLANT GREYSTONE MULTI-FAMILY BUILDERS, INC.'S
MOTION TO STAY TRIAL PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

RICHARD B. PHILLIPS, JR.
State Bar No. 24032833
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street
Suite 1500
Dallas, Texas 75201
Phone: 214-969-1700
Fax: 214-969-1751
rich.phillips@tklaw.com

J. MICHAEL BELL
State Bar No. 02079200
Megan H. Schmid
State Bar No. 24074383
THOMPSON & KNIGHT LLP
333 Clay Street
Suite 3300
Houston, Texas 77002
Phone: 713-654-8111
Fax: 713-654-1871
michael.bell@tklaw.com
megan.schmid@tklaw.com

**COUNSEL FOR APPELLANT
GREYSTONE MULTI-FAMILY BUILDERS, INC.**

TO THE HONORABLE COURT OF APPEALS:

Under Texas Rule of Appellate Procedure 29.3, Appellant Greystone Multi-Family Builders, Inc. d/b/a GMFB, Inc. respectfully requests that this Court stay the trial court proceedings during the pendency of Greystone's interlocutory appeal of the trial court's refusal to compel arbitration. Greystone moved for a stay in the trial court, the but trial court denied the motion. .

Rule 29.3 gives this Court jurisdiction to stay trial court proceedings "to preserve the parties' rights until disposition of the appeal." TEX. R. APP. P. 29.3. Greystone requests the stay to ensure that issues that should be arbitrated are not the subject of duplicative litigation during the interlocutory appeal. Without a stay, Greystone will have to litigate this case while waiting for this Court to decide whether the case should instead be sent to arbitration. Such a result would completely defeat the purpose of arbitration. Moreoever, there would be no harm to Appellee TES Electric if the litigation is stayed because the appeal is set on an accelerated basis under the Texas Rules of Appellate Procedure.

## BACKGROUND

This case arises out of a dispute between a subcontractor and a general contractor in connection with a multi-family construction project at 807 S. Post Oak Lane, Houston, Texas. Appellee TES Electric, LP, as the subcontractor, and Greystone, as the contractor, are parties to a subcontract agreement, dated October 18, 2012, which governs the parties' rights, duties, and relationship with one another. Pursuant to the subcontract, TES was to provide the electrical services for the project. After

TES filed suit against Greystone, Greystone moved to compel arbitration under Article 10 of the subcontract. (CR 17-85.) Greystone also filed a Motion for Protective Order asking for protection from discovery pending the resolution of the motion to compel arbitration. (CR 86-107.)

The trial court denied the motion to compel arbitration (CR 155), and Greystone has appealed that denial. (CR 158-59.)

Greystone also asked the trial court to stay all proceedings pending resolution of the appeal. But the trial court denied that motion as well. (*See* Ex. A.) Greystone seeks a stay from this Court because a continuation

of the discovery and proceedings in the trial court would frustrate the very purpose of the appeal.

**ARGUMENT & AUTHORITIES**

An interlocutory appeal from a denial of a motion to compel arbitration is permitted pursuant to Section 51.016 of the Texas Civil Practice and Remedies Code. Section 51.016 expressly permits an interlocutory appeal "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem. Code § 51.016. Section 16(a)(1)(C) of the FAA expressly authorizes an appeal from an order "denying an application . . . to compel arbitration . . . ." 9 U.S.C. § 16(a)(1)(C). Further, Section 16(a)(1)(A) permits an appeal from any order refusing a stay of any action under Section 3 of the FAA. 9 U.S.C. § 16(a)(1)(A).

Greystone asked the trial court for a stay—and now seeks a stay in this Court—to minimize the potential losses from unnecessary duplication of proceedings and to avoid the risk of inconsistent rulings. Texas Rule of Appellate Procedure Rule 29.3 provides this Court with the authority to

issue temporary orders to preserve the parties' rights during the pendency of the interlocutory appeal. TEX. R. APP. P. 29.3.

Indeed, Texas appellate courts routinely grant stays of trial proceedings while reviewing an order denying a motion to compel arbitration. *See e.g., In re Scott*, 100 S.W.3d 575, 578 (Tex. App.—Fort Worth 2003, orig. proceeding) ("We stayed the trial court's discovery order pending the outcome of this original proceeding."); *see also Rao v. American Arbitration Association*, No. 05-13-00462-CV, 2014 WL 3513258, at *1 (Tex. App.—Dallas July 15, 2014, no pet. h.) (discussing the court's granting of an emergency motion to stay proceedings in the trial court, pending interlocutory appeal, in the underlying case); *Slaymaker v. Ballow*, No. 12-02-00381-CV, 2003 WL 21356034, at *1 (Tex. App.—Tyler June 11, 2003, no pet.) (staying the trial court proceedings pending the appeal of an order denying a motion to stay litigation and compel arbitration).

Moreover, the Texas Supreme Court has even held that it can be an abuse of discretion to refuse to stay litigation against two defendants while a plaintiff's claims against a third defendant are arbitrated. *See In re Merrill Lynch & Co., Inc.*, 315 S.W.3d 888, 889 (Tex. 2010).

To allow the trial court proceedings to proceed pending an appeal of the denial of the motion to compel arbitration would frustrate the intent of arbitration agreement and would force Greystone to incur costs and burdens that sought to avoid by contracting for arbitration.

TES has already served Greystone with its "First Set of Integrated Discovery," which included 48 separate requests for production and 11 separate interrogatories, all of which deal with topics concerning or related to the merits of the underlying controversy in this case.

Without a stay of the litigation pending appeal, Greystone will incur significant and unnecessary expense if forced to respond to TES's discovery requests before the arbitration issue is resolved on appeal. One of "the main benefits of arbitration lie in expedited and less expensive disposition of a dispute . . . ." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). Allowing Appellee to conduct discovery before this Court has ruled on the arbitration issue would force the parties to litigate their dispute in the trial court even though it may ultimately be determined by this Court that the claims should be arbitrated. *See, e.g., In re Champion Tech., Inc.*, 173 S.W.3d 595, 599 (Tex. App.—Eastland 2005, orig. proceeding) (holding that

a trial court may not defer ruling on an arbitration issue until after all discovery is completed because doing so forces the parties to litigate their dispute in trial court even though it may be ultimately determined that the claims in whole or in part are subject to arbitration) (citing *In re MHI Partnership, Ltd.*, 7 S.W.3d 918, 923 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding)). If Greystone is forced to litigate and this Court ultimately determines that the dispute should be arbitrated, then the trial court's and the parties' time and resources will have been wasted. A stay of the trial court's proceedings would serve to promote the interest of justice and avoid wasting valuable resources.

Moreover, TES will not be prejudiced by a stay. Appeals from interlocutory orders, such as this one, are accelerated, with shorter deadlines for filing the record and the parties' briefs. *See* TEX. R. APP. P. 26.1(b), 28.1, 35.1(b), 38.6(a). Additionally, the court of appeals must give precedence to interlocutory appeals. TEX. R. APP. P. 40.1(b). And because this appeal involves a discrete legal issue, Appellant anticipates that this Court may be able to rule expeditiously. Therefore, a reasonable delay so that this Court can conduct a meaningful review of the trial court's decision

will not cause any prejudice to TES, particularly in light of the burden that would otherwise be imposed on Greystone.

## CONCLUSION

WHEREFORE, Appellant Greystone Multi-Family Builders, Inc. respectfully requests that this Court stay the trial court proceedings during the pendency of the interlocutory appeal. Appellant further requests general relief.

Respectfully submitted,

THOMPSON & KNIGHT LLP


BY: /s/ Richard B. Phillips, Jr.
        Richard B. Phillips, Jr.
        State Bar No. 24032833
        rich.phillips@tklaw.com

        One Arts Plaza
        1722 Routh Street, Suite 1500
        Dallas, Texas 75201
        Phone: (214) 969-1700
        Fax: (214) 969-1751

        J. Michael Bell
        State Bar No. 02079200
        michael.bell@tklaw.com

        Megan H. Schmid
        State Bar No. 24074383
        megan.schmid@tklaw.com

        333 Clay Street, Suite 3300
        Houston, Texas 77002
        Phone: 713-654-8111
        Fax: 713-654-1871

        **COUNSEL FOR APPELLANT**
        **GREYSTONE MULTI-FAMILY**
        **BUILDERS, INC.**

## CERTIFICATE OF CONFERENCE

On September 3, 2015, I discussed this motion with Darren A. Braun, counsel for Appellee TES Electric, LP. Mr. Braun stated that Appellee is opposed to the requested stay.

/s/ Megan H. Schmid
Megan H. Schmid

## CERTIFICATE OF SERVICE

On this 3rd day of September, 2015, a true and correct copy of the foregoing motion to stay litigation pending interlocutory appeal has been served on the following counsel for Appellee by electronic service:

Ashish Mahendru
Darren A. Braun
Mahendru, P.C.
639 Heights Boulevard
Houston, Texas 77007

/s/ Richard B. Phillips, Jr.
Richard B. Phillips, Jr.