

# NUMBER 13-20-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CASTINE MCILHARGEY AND JODY MCINTYRE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF A+ PRO RECOVERY, LLC

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Benavides[1]**

Relators Castine McIlhargey and Jody McIntyre, individually and derivatively on behalf of A+ Pro Recovery, LLC filed a petition for writ of mandamus through which they assert that the trial court abused its discretion by failing to rule on their motion to compel arbitration.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. There is no adequate remedy by appeal to review the trial court's deferral of a ruling on a motion to compel arbitration, and accordingly, review by mandamus may be appropriate. *In re Champion Techs., Inc.*, 173 S.W.3d 595, 598–99 (Tex. App.—Eastland 2005, orig. proceeding); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 921 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the first amended response filed by Jason Rios and South Padre Towing and Recovery, LLC, the response filed by Eduardo Pena and Joanna Pena, individually and on behalf of A-Pro Towing and Recovery, LLC, and the second amended response filed by Erik M. Hager, is of the opinion that the relators have failed to meet their burden to obtain relief. In short, the motion to compel arbitration has not been pending for an unreasonable

period, the trial court has the authority to make certain determinations regarding injunctive relief and arbitrability, and there are disputed fact issues pertaining to ownership of the company at issue in this case. *See, e.g.*, *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 632 (Tex. 2018) ("A contract that is silent on a matter cannot speak to that matter with unmistakable clarity, so an agreement silent about arbitrating claims against non-signatories does not unmistakably mandate arbitration of arbitrability in such cases."); *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam) ("Disputed facts . . . prevent the Court from resolving issues in a mandamus proceeding."); *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding) ("The trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested."). Accordingly, we lift the stay previously ordered in this case, and we deny the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Delivered and filed on the
18th day of March, 2021.