C P & ASSOCIATES, et al., Appellants,

v.

Walter M. PICKETT, et al., Appellees.

No. 13–85–284–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 19, 1985.

Mark C. Rains, Kevin Cullen, Victoria, for appellants.

John D. Murphree, Victoria, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

C P & Associates, Inc. appeals the granting of a temporary injunction in favor of appellees who were profit participants with appellants in a shopping center development. The only issue before us in this appeal is whether the trial court had discretion to enter a temporary injunction staying arbitration and permitting discovery pending a determination of whether or not the claim was arbitrable.

The parties entered into the questioned agreement on September 27, 1978. The agreement contained the following arbitration clause:

> *Any unresolved difference* or dispute between the parties *concerning the interpretation or application of Agreement* shall be submitted to arbitration in the City of Dallas, Texas, by a panel of three (3) arbitrators, one to be appointed by CPA, one by Profit Participants, collectively, and the third to be appointed by the two (2) arbitrators so selected by the parties; in the event that either CPA or Profit Participants shall fail to designate an arbitrator within fifteen (15) days after demand therefor by the other party such arbitrator shall be selected for the non-appointing party by the American Arbitration Association in Texas. The arbitration may not impose upon either party an obligation not assumed hereunder or deprive either party of any right granted hereunder. The costs of arbitration shall be borne equally by CPA and Profit Participants. The parties agree to

abide by all awards rendered in such proceedings and any such award may be filed, entered and enforced in any state or federal court having jurisdiction over the party against whom such award is rendered, or its property. (Emphasis ours).

When a dispute arose over the alleged improper allocation of funds, the appellees brought suit. They alleged fraud, breach of fiduciary duty, and damages under the Deceptive Trade Practices Act. Appellants filed a Plea in Abatement and an application to stay civil proceedings pending arbitration, alleging that the matter was subject to arbitration. Appellees asked for a temporary injunction to prevent appellants from taking the case to arbitration. The trial court, without making a determination as to arbitrability of the claim, enjoined appellant from proceeding further toward arbitration until discovery was completed. He set a hearing for October 31, 1985, to determine appellant's Plea in Abatement and the appellees' Applications to Stay Arbitration.

■ Appellants argue that under the federal law, the trial judge has no discretion to enjoin appellees from proceeding to arbitration. The Federal Arbitration Act, 9 U.S.C. § 1 et seq., mandates a federal district court to proceed to arbitration on issues covered by the arbitration agreement. The parties agreed at oral argument that, if the case at bar is subject to arbitration, it is covered by the Federal Arbitration Act. 9 U.S.C. § 2 states in pertinent part:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

In enacting this section, Congress declared a policy favoring arbitration and withdrew from the states the power to require a judicial forum when the parties had contracted to resolve disputed matters by arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 858, 79 L.Ed. 1 (1984). The Act creates a substantive rule applicable in state as well as federal courts. *Id* at 861.

■ Appellant contends that because the Act is applicable to state as well as federal courts, 9 U.S.C. § 3 is applicable to state courts as well. § 3 states:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This mandate leaves no place for the exercise of discretion by a federal district court. *Dean Witter Reynolds, Inc. v. Byrd* — U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). A federal district court must compel arbitration of otherwise arbitrable claims when a motion to compel arbitration has been made. *Id.*, 105 S.Ct. at 1242. In *Southland Corp. v. Keating*, 465 U.S. at ——, n. 10, 104 S.Ct. at 861, n. 10, the United States Supreme Court held that the Arbitration Act preempts a state law that withdraws the power to enforce arbitration agreements, but further indicated that they did *not* hold that §§ 3 and 4 of the Arbitration Act applied to state court proceedings. We are mindful that the 14th Court of Appeals of this State has concluded that § 3 of the Arbitration Act precludes a court from entering a temporary injunction to maintain the status quo pending arbitration in any *arbitrable* dispute. *Merrill Lynch, Pierce, Fenner & Smith Inc. v.*

*McCollum,* 666 S.W.2d 604 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) cert. denied —— U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). We are also aware that there appears to be no substantial disagreement among the state courts over the applicability of § 3 to state courts. *See, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). However, these sections apply to a case which has been deemed to be arbitrable whereas the trial court in the case at bar has temporarily stayed his decision regarding the arbitrability of the claim until a hearing to be held on October 31, 1985 at which time he will rule on both parties motions.

We find, therefore, that the procedural rules governing temporary injunctions in this state apply to the case at bar. A trial court in Texas is clothed with broad discretion in determining whether to issue an injunction. The decision of the trial court should not be overturned on appeal unless the record reflects a clear abuse of discretion. *Canales v. Borg-Warner Acceptance Corp.,* 663 S.W.2d 677 (Tex.App.—Corpus Christi 1983, no writ), *Homes Savings Ass'n v. Ramirez,* 600 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The trial court's judgment of May 31, 1985 orders the appellants to refrain from arbitration proceedings until October 31, 1985, when discovery is completed. We find that the trial judge did not abuse his discretion in this regard.

The judgment of the trial court is AFFIRMED.