11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re Champion
Technologies, Inc. 

and
Permian Mud Service, Inc.

No.  11-05-00186-CV --
Original Mandamus Proceeding

 

                                                       Order
on Motion for Rehearing

Relators, Champion Technologies, Inc. and Permian
Mud Service, Inc., filed a petition for writ of mandamus on May 27, 2005,
attacking the trial court=s
disposition of their motion to compel arbitration.  After receiving responses to the petition
from the real parties in interest, this court denied the petition on July 14,
2005, without issuing a written opinion. 
See TEX.R.APP.P. 52.8(d). 
Relators subsequently filed a motion for rehearing on July 28,
2005.  Upon considering the motion for
rehearing and the responses filed thereto, this court=s
judgment denying the petition is withdrawn, and the petition is conditionally
granted as set forth below.

                                                            Underlying
Proceedings

Real parties in interest, Burl Fuller, Danny
Alexander, and Billy York, filed a wrongful termination action against relators
on June 12, 2004.  Relators filed a
motion to compel arbitration on October 14, 2004, alleging that the claims were
subject to a written arbitration agreement. 
On February 4, 2005, the parties appeared for a hearing on the motion to
compel arbitration.  The real parties in
interest announced at the outset that they were not ready for the hearing,
presumably because they wanted to conduct additional discovery regarding the
enforceability of the arbitration agreement. 
After receiving the announcements from trial counsel, the trial court
took a recess during which it conferred with counsel in chambers.  Upon the conclusion of the conference with
counsel, the trial court announced the following disposition which is the
subject of this proceeding:

After meeting with counsel in chambers, unless
counsel really want to, the Court has heard a great deal and has a great deal
to read pertaining to the motion to compel, and the Court is aware of the
motion to compel arbitration filed by [relators] and the responses of the [real
parties in interest].  The Court is going
to reserve ruling on that motion to compel at this time and carry it forward.  

 








The Court is going to go through and allow
discovery on the theory that the Court may be a little easier to obtain a
hearing on other than an arbitration panel. 
The discovery would probably be conducted whether the case is tried here
in state court versus being heard by an arbitration panel.  The entire matter may end up before an
arbitration panel, but we=re
going to go through the discovery process here subject to the Court=s rulings so that by the time the Court
makes a determination of whether this case goes to arbitration or whether it=s tried here in this Court, the
discovery is complete.

 

That=s
the Court=s aim at
this point in time, to where discovery is complete.  If the case gets sent to arbitration then the
discovery process does not need to be started all over again or continued,
discovery is complete....People have what they -- they need to do in order to
try their case or present their case.

 

The trial court also denied relators=
motion to stay discovery pending arbitration at the February 4, 2005, hearing.

                                                               Standard
of Review

Relators sought to compel arbitration under the
provisions of the Federal Arbitration Act (FAA).  See 9 U.S.C. ''
1‑16.[1]  Under the FAA, the denial of a motion to
compel arbitration is reviewable by mandamus because there is no adequate
remedy by appeal.  Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 271‑72 (Tex.1992) (orig. proceeding).
When Texas courts are called on to decide if disputed claims fall within the
scope of an arbitration clause under the FAA, Texas procedure controls that
determination.   Jack B. Anglin Co.,
Inc. v. Tipps, supra at 268.  We
review orders compelling or denying arbitration under the FAA under an abuse of
discretion standard.  Jack B. Anglin
Co., Inc. v. Tipps, supra at 271.  








A trial court abuses its discretion if it acts
without reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241‑42 (Tex.1985), cert. den=d,
476 U.S. 1159 (1986).  When reviewing
matters committed to a trial court=s
discretion, an appellate court may not substitute its own judgment for that of
the trial court.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex.1992).  Nor may
a reviewing court set aside the trial court=s
determination unless it is clear from the record that the trial court could
only reach one decision.  Walker v.
Packer, supra at 840.  Our review of
a trial court=s
determination of the legal principles controlling its ruling is much less
deferential.  Walker v. Packer, supra at
840.  A trial court has no discretion in
determining what the law is or in applying the law to the facts.  Walker v. Packer, supra at 840. Thus,
a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion. 
Walker v. Packer, supra at 840.

                                                                        Analysis

Relators raise two issues in seeking mandamus
relief.  They first assert that the trial
court  abused its discretion by not
ruling on their motion to compel arbitration until after the completion of discovery.  In their second issue, relators contend that
the trial court abused its discretion in denying their motion to stay discovery
pending arbitration.   

With respect to relators=
first issue, there are conflicting opinions from the First and Thirteenth
Courts of Appeals relating to the trial court=s
decision to defer ruling on the motion to compel arbitration until after the
completion of discovery.  In C P &
Associates v. Pickett, 697 S.W.2d 828, 831 (Tex.App. - Corpus Christi 1985,
no writ), the court of appeals upheld the trial court=s
decision to stay arbitration proceedings until the completion of
discovery.  In In re MHI Partnership,
Ltd., 7 S.W.3d 918, 923 (Tex.App. - Houston [1st Dist.] 1999, orig.
proceeding), the court of appeals directed the trial court  to vacate its order deferring a ruling on a
motion to compel arbitration pending completion of discovery. Accordingly, the
holding in  Pickett appears to
support the action taken by the trial court whereas the decision in MHI
supports relators=
position.  We conclude that the holding
of the First Court of Appeals in MHI is the correct statement of the law
in this regard.








The First Court of Appeals relied heavily upon the
Texas Supreme Court=s
decision in Tipps in reaching its holding in MHI.  See Jack B. Anglin Co., Inc. v. Tipps,
supra.[2]  Tipps is a significant opinion because
it outlined the procedures to be followed when a motion to compel arbitration
is filed.  Jack B. Anglin Co., Inc. v.
Tipps, supra at 268-269.  The supreme
court stated in Tipps that the expedited disposition of a dispute is one
of the main benefits of arbitration.  Jack
B. Anglin Co., Inc. v. Tipps, supra at 269. 
The supreme court also acknowledged that the legislature has mandated
that a motion to compel arbitration is to be Asummarily@ decided.  Jack B. Anglin Co., Inc. v. Tipps, supra
at 269; see TEX. CIV. PRAC. & REM. CODE ANN. '
171.021(b) (Vernon 2005).  In MHI,
the court of appeals relied upon the principles announced in Tipps to
conclude that a motion to compel arbitration should be decided in an expedient
manner.   In re MHI Partnership, Ltd.,
supra at 922-23.  The court of
appeals concluded that the trial court had no discretion to defer ruling on the
merits of  a motion to compel arbitration
until after discovery had been completed in the case because doing so violated
the mandate that arbitration issues be decided summarily.  In re MHI Partnership, Ltd., supra
at 923.

We agree with the First Court of Appeals=s determination in MHI that
delaying a decision on a motion to compel arbitration until after discovery is
completed defeats the goal of resolving arbitration issues promptly.  We also agree that the trial court lacks
discretion to defer ruling on a motion to compel arbitration until the
completion of all discovery in the case because doing so  forces the parties to litigate their dispute
in the trial court even though it may ultimately be determined that all or some
of the claims are subject to arbitration. 
We note in this regard that the arbitration provision at issue in this
case explicitly provides that A[t]he
arbitrator shall have discretion to determine the form, amount and frequency of
discovery by the Parties.@  Accordingly, we conclude that the trial court
abused its discretion by deferring its ruling on the motion to compel
arbitration until after the completion of discovery in the case. 

The real parties in interest argue that, in light
of the holding in Pickett, the trial court did not act without reference
to guiding rules and principles and, therefore, did not abuse its
discretion.  However, we have determined
that the holding in Pickett is incorrect.  As noted previously, a trial court has no
discretion in determining what the law is or in applying the law to the
facts.  Walker v. Packer, supra at
840.  The real parties in interest
additionally argue that relators have waived their right to obtain a ruling on
their motion to compel arbitration prior to the completion of discovery as a
result of relators=
participation in the discovery process to date. This argument is more properly
characterized as addressing the merits of the motion to compel arbitration.  See EZ Pawn Corpora-tion  v. Mancias, 934 S.W.2d 87, 89 (Tex.1996);
In re MHI Partnership, Ltd., supra at 921.  Rela-tors=
first issue is sustained.  








In support of their second issue, relators= arguments focus on the merits of their
motion to compel arbitration.  Relators
ask this court to enter an order referring this litigation to arbitration and
stay all discovery pending arbitration. 
As correctly noted by the real parties in interest, the arbitration
issue is not ripe for our consideration because the trial court has not made a
ruling on the merits of the motion to compel arbitration. See In re
MHI Partnership, Ltd., supra at 921. Accordingly, we do not reach relators= second issue.

                                                                This
Court=s Ruling

 This court=s judgment of July 14, 2005, denying
the petition is withdrawn.  We
conditionally grant the petition for writ of mandamus.  A writ of mandamus will issue if the trial
court does not (1) vacate its order deferring a ruling on relators= motion to compel arbitration and (2)
either rule summarily on the motion or rule on the motion after conducting an
evidentiary hearing promptly if  one is
required to determine disputed facts on the issues relevant to the merits of
the motion to compel arbitration.  See
Section 171.021(b).

 

TERRY McCALL

JUSTICE

 

September 15, 2005

Panel consists of: Wright, J., and McCall, J.[3]











     [1]The
arbitration agreement at issue provides that the provisions of the FAA are to
govern its application.





     [2]It
is significant to note that the opinion of the Thirteenth Court of Appeals in Pickett
preceded the supreme court=s opinion in Tipps.





     [3]W.
G. Arnot, III, Chief Justice, retired effective July 31, 2005.  The chief justice position is vacant.