COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


NUMBER 13-07-00299-CV



HOUSTON PIPE LINE COMPANY, L.P. D/B/A

HOUSTON PIPE LINE COMPANY, ENERGY

TRANSFER EQUITY, L.P., ENERGY TRANSFER

PARTNERS, L.P., AND LA GRANGE ACQUISITION,

L.P. D/B/A ENERGY TRANSFER COMPANY, Appellants,


v.
 


O'CONNOR & HEWITT, Ltd., Appellee.

 


On Appeal from the 377th District Court


of Victoria County, Texas.

 


NUMBER 13-07-00362-CV 



IN RE: HOUSTON PIPE LINE COMPANY, L.P. D/B/A HOUSTON PIPE
LINE COMPANY, ENERGY TRANSFER EQUITY, L.P., ENERGY
TRANSFER PARTNERS, L.P., AND LA GRANGE ACQUISITION, L.P.
D/B/A ENERGY TRANSFER COMPANY

 


On Petition for Writ of Mandamus

 


OPINION
 

 

Before Chief Justice Valdez and Justices Garza and Vela


Opinion by Chief Justice Valdez



 Appellee and real party in interest, O'Connor & Hewitt, Ltd., ("O'Connor") brought
a lawsuit against appellants and relators, Houston Pipe Line Company L.P., Energy
Transfer Equity, L.P., Energy Transfer Partners, L.P., and La Grange Acquisition, L.P.
(collectively "Houston Pipe Line"), contending that they manipulated the Platts Index for the
Houston Ship Channel Hub downward, thus reducing the price paid to O'Connor for gas
it sold to these entities under a Gas Purchase Agreement. (1) Through this consolidated
interlocutory appeal and petition for writ of mandamus, the defendants ask this Court to set
aside orders of the trial court granting pre-arbitration discovery and injunctive relief and
declining to summarily rule on Houston Pipe Line's motion to compel arbitration "until there
is sufficient discovery and evidence developed to properly apply the scope of the arbitration
clause to the facts." We affirm the orders of the trial court and deny the petition for writ of
mandamus for the reasons stated herein. 

I. Background


 Houston Pipe Line Company, L.P. d/b/a Houston Pipe Line Company, as buyer,
entered a Gas Purchase Agreement, effective January 1, 1998, with O'Connor and others,

as sellers, for the sale and purchase of natural gas. The Agreement contains an arbitration
provision, which reads in part, as follows:

 Disputes to be Arbitrated. Except for matters within the jurisdiction of the
Railroad Commission of Texas, any and all claims, demands, causes of
action, disputes, controversies, and other matters in question arising out of
or relating to this Agreement, any of its provisions, or the relationship
between the Parties created by this Agreement, whether sounding in
contract, tort, or otherwise, whether provided by statute or the common law,
for damages or any other relief, including, without limitation, all Claims (all of
which are referred to herein as "Disputes"), shall be resolved by binding
arbitration pursuant to the Federal Arbitration Act. The arbitration may be
initiated by either Party by providing to the other a written notice of arbitration
specifying the Disputes to be arbitrated. If a Party refuses to honor its
obligations to arbitrate, the other Party may seek to compel arbitration in
either federal or state court.


The Agreement gave Houston Pipe Line one hundred percent of the sellers' "Daily
Deliverability of Gas." Relators, Energy Transfer Equity, L.P., Energy Transfer Partners,
L.P., and La Grange Acquisition, L.P. d/b/a Energy Transfer Company, are not signatories
to the agreement. Under the agreement, O'Connor is to be paid for natural gas sold to
Houston Pipe Line based on an index price published for the Houston Ship Channel Index. 
This index is prepared by Platts, a division of the McGraw-Hill Companies, Inc., in its trade
journal publication, Inside FERC. The price for the purchase is based on the index price
for the Houston Ship Channel/Beaumont Texas, otherwise known as the Houston Ship
Channel hub, which is the "first of the month" index price, published monthly in Inside
FERC. (2) 

 On March 6, 2007, O'Connor filed suit against Houston Pipe Line through its
"Original Petition; Application for Pre-Arbitration Discovery; and Application for Temporary
Restraining Order and Temporary Injunction." O'Connor alleged that the defendants
manipulated the Platts Index for the Houston Ship Channel Hub downward during all, or
part, of the period between August 2004 and December 2006, thus reducing the price paid
to O'Connor for gas it sold under the Agreement. O'Connor's allegations are based on
articles published in the trade publication Gas Daily questioning the timing and pricing of
sales through the Houston Ship Channel hub and suggesting an intent to manipulate
posted prices. Although O'Connor's petition identifies various causes of action, including
fraud, unjust enrichment, and breach of the duty of good faith and fair dealing, the petition
seeks solely injunctive relief and pre-arbitration discovery. 

 O'Connor propounded requests for production of documents to each of the four
defendants. Houston Pipe Line moved to compel arbitration and to stay proceedings on
March 22. The trial court held a hearing on April 2, and on April 30, the trial court entered
a temporary injunction and order setting a hearing on arbitrability and a date for trial on the
merits. The trial court's order reads, in part, as follows:

 After considering all the evidence received and the argument of counsel, the
Court finds that Plaintiff will probably prevail on the trial of this cause if the
Platts article proves to be true and that there is sufficient evidence showing
that harm is imminent to Plaintiff. The Court has considered the sixty-day
time frame to complete the arbitration contained in the Gas Purchase
Agreement's Arbitration clause and finds that it will be virtually impossible to
complete the necessary discovery within that time frame. The Court has
determined that Plaintiff lacks sufficient information regarding the truth of the
acts described in the Platts article and that discovery is needed so that the
scope of the Arbitration clause in the Gas Purchase Agreement may be
properly applied to the actual party responsible, if any. The Court finds that
Plaintiff has shown a probable right to the pre-Arbitration relief it seeks under
Texas Civil Practice and Remedies Code, Sections 171.084 and 171.086
and that the Court, in its discretion, may grant such relief. The Court has
determined that, if it does not issue the Temporary Injunction, Plaintiff will be
irreparably injured because if Defendants intentionally or for any other
reason destroy, modify, or alter the documents requested by Plaintiff, those
acts could prevent Plaintiff from learning the full nature and extent of the
Defendants' manipulation of the Houston Ship Channel Index and Plaintiff's
resulting damages. Plaintiff has no adequate remedy at law because its
injury from the loss of the documents would be irreparable and its damages
would be incalculable. Moreover, the documents sought by Plaintiff from
Defendants:


 (1) Would be needed before any Arbitration proceedings begin;


 (2) Will permit any Arbitration to be conducted in an orderly manner;


 (3) Will facilitate any Arbitration under Section 171.086 of the Texas Civil
Practice and Remedies Code; and


 (4) Will aid in determining the issues of arbitrability.


 Additionally, the Court has determined that, if it does not issue the
Temporary Injunction, Plaintiff will be irreparably injured because if
Defendants carry out their intention to proceed with Arbitration in another
forum, such actions will thereby alter the status quo and tend to cloud or
make ineffectual a judgment in favor of Plaintiff and/or destroy the jurisdiction
of this Court in contravention of Sections 171.082 and 171.084 of the Texas
Civil Practice and Remedies Code. Furthermore, unless Defendants are
enjoined from proceeding with Arbitration in another forum Plaintiff will be
without any adequate remedy at law because Plaintiff would be deprived of
the opportunity for an orderly hearing on the various arbitrability issues that
the Court must summarily determine on the merits. The issues of arbitrability
that the Court must summarily determine, as soon as the requisite facts are
developed by discovery, include:


 (1) Whether Plaintiff's claims, once determined, are within the scope of
the Arbitration clause in question;


 (2) Which Defendants, if any, can equitably invoke the Arbitration clause,
subject to any equitable defenses Plaintiff might have under the facts
of this case;


 (3) Whether section 8.7 of the Gas Purchase Agreement precludes
Defendants from invoking the Arbitration clause;[ (3)]


 (4) Whether the Arbitration clause's sixty day pre-hearing limitation and
its ten day final hearing limitation are jurisdictional; and


 (5) If those limitations are jurisdictional, whether Plaintiff's claims, once
determined, are outside of the scope of the Arbitration clause.


 The Court will continue the hearing on Defendant's Motion to Compel
Arbitration until there is sufficient discovery and evidence developed to
properly apply the scope of the arbitration clause to the facts.


 It is accordingly:


 ORDERED that Defendants . . . are hereby restrained and enjoined
from:


 1. Taking any action or instituting any arbitration or legal proceeding,
except in either this Court or federal court, seeking to arbitrate or
litigate any issue which is the subject matter of this lawsuit pending
further Orders of this Court on the issues of arbitrability; and


 2. Destroying, modifying or altering any of the documents requested in
Plaintiff's First Request for Production of Documents attached hereto
and incorporated herein as Exhibits 1, 2, 3, and 4 until a final
judgment in this cause resolves Plaintiff's claims against Defendants.


The trial court's order further set a hearing "on the issues of arbitrability" for November 27,
2007. 

II. Interlocutory Appeal and Mandamus


 An order granting a temporary injunction is subject to interlocutory appeal. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2007). Likewise, an order
denying arbitration under the Texas General Arbitration Act may be challenged by
interlocutory appeal, but an order denying arbitration under the Federal Arbitration Act must
be contested by mandamus. See 9 U.S.C. §§ 1-16 (1999) (the "Federal Act"); Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001 -.098 (Vernon 1997 and Supp. 2007) (the "Texas
Act"); Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig. 
proceeding). Further, a trial court's refusal to rule on a motion to compel arbitration until
after the completion of discovery is subject to a writ of mandamus. See In re Champion
Techs., Inc., 173 S.W.3d 595, 598-99 (Tex. App.-Eastland 2005, orig. proceeding); In re
MHI P'ship, Ltd., 7 S.W.3d 918, 920-21 (Tex. App.-Houston [1st Dist.] 1999, orig.
proceeding). 

 III. Interlocutory Appeal


 In the interlocutory appeal, Houston Pipe Line raises two issues: (1) the trial court
erred in granting temporary injunctive relief enjoining appellants from initiating arbitration
and from destroying, modifying, and altering any and all documents responsive to
appellee's document requests; and (2) the trial court erred in declining to rule on
appellant's motion to compel arbitration until after discovery and declining to stay the trial
court proceedings.

 To be entitled to a temporary injunction, the applicant must plead a cause of action
and show a probable right to recover on that cause of action and a probable, imminent,
and irreparable injury in the interim. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex.
2004); City of McAllen v. McAllen Police Officers Union, 221 S.W.3d 885, 893 (Tex.
App.-Corpus Christi 2007, pet. denied). The party seeking the injunction bears the burden
of proving each of these elements. City of McAllen, 221 S.W.3d at 893. A probable right
of recovery is shown by alleging a cause of action and presenting evidence tending to
sustain it. Argyle ISD v. Wolf, 234 S.W.3d 229, 236 (Tex. App.-Fort Worth 2007, no pet.);
Fox v. Tropical Warehouses, Inc., 121 S.W.3d 853, 857 (Tex. App.-Fort Worth 2003, no
pet.). An injury is irreparable if damages would not adequately compensate the injured
party or if they cannot be measured by any certain pecuniary standard. Fox, 121 S.W.3d
at 857; see Butnaru, 84 S.W.3d at 204.

 The purpose of a temporary injunction is to preserve the status quo of the litigation's
subject matter pending trial on the merits. Butnaru, 84 S.W.3d at 204; City of McAllen, 221
S.W.3d at 893. The status quo is considered to be the last, actual, peaceable,
noncontested status which preceded the pending controversy. See Fox, 121 S.W.3d at
857; Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 577 (Tex. App.-Austin
2000, no pet.).

 A trial court has broad discretion in deciding whether to grant or deny a temporary
injunction. Butnaru, 84 S.W.3d at 204; Wu v. City of San Antonio, 216 S.W.3d 1, 4 (Tex.
App.-San Antonio 2006, no pet.). We review the grant or denial of a temporary injunction
for a clear abuse of discretion without addressing the merits of the underlying case. 
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Joe Williamson Constr. Co. v.
Raymondville Indep. Sch. Dist., 251 S.W.3d 800, 805 (Tex. App.-Corpus Christi 2008, no
pet.). An appellate court will uphold the trial court's judgment unless the trial court's action
was so arbitrary that it exceeded the bounds of reasonable discretion. Butnaru, 84 S.W.3d
at 204. Accordingly, when reviewing such a decision, we must view the evidence in the
light most favorable to the trial court's order, indulging every reasonable inference in its
favor, and determine whether the order was so arbitrary that it exceeds the bounds of
reasonable discretion. See Fox, 121 S.W.3d at 857; Thompson, 24 S.W.3d at 576. A trial
court does not abuse its discretion if it bases its decision on conflicting evidence and
evidence in the record reasonably supports the trial court's decision. Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978); Fox, 121 S.W.3d at 857.

 In its first issue, Houston Pipe Line attacks two separate aspects of the injunction. 
First, it contends that the trial court erred in granting temporary injunctive relief enjoining
appellants from initiating arbitration. 

 To the extent that the trial court's order enjoined Houston Pipe Line from initiating
arbitration in another forum, other than federal court, such order is authorized by section
171.024(a) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 171.024(a) (Vernon 2005). This section provides that if there is a proceeding
pending in a court involving an issue referable to arbitration under an alleged agreement
to arbitrate, a party can only make an application for arbitration in the court where the
matter is pending. Under the federal preemption doctrine, a party could also institute an
arbitration proceeding in federal court if the jurisdictional requirements are met. See Gen.
Atomic Co. v. Felter, 436 U.S. 493, 496 (1978). Moreover, the trial court's order arguably
falls within the purview of section 171.086 of the code, which allows the trial court to grant,
in its discretion, "other relief . . . needed to permit the arbitration to be conducted in an
orderly manner and to prevent improper interference or delay of the Arbitration." See Tex.
Civ. Prac. & Rem. Code Ann. § 171.086 (Vernon 2005). Accordingly, we cannot conclude
that the trial court erred in issuing injunctive relief regarding the initiation of arbitration in
another forum. 

 Second, Houston Pipe Line contends the trial court erred in enjoining it from
destroying, modifying, and altering any and all documents responsive to appellee's
document requests. Three separate sections of the civil practice and remedies code
impact our analysis of this issue. First, the trial court may restrain or enjoin: (A) the
destruction of all or an essential part of the subject matter of the controversy; or (B) the
destruction or alteration of books, records, documents, or other evidence needed for the
arbitration. See id. § 171.086(a)(3). Second, the trial court may issue, "in its discretion an
order for a deposition for discovery, perpetuation of testimony, or evidence needed before
the arbitration proceedings begin." See id. § 171.086(a)(4). And finally, as noted, the trial
court has authority to issue other orders "in its discretion, needed to permit the arbitration
to be conducted in an orderly manner and to prevent improper interference or delay of the
Arbitration." See id. § 171.086(a)(6). 

 In the order granting the temporary injunction, the trial court stated that it had
determined that O'Connor needed discovery so that the scope of the arbitration clause in
the Gas Purchase Agreement could be properly applied to the actual party responsible.
The evidence from the hearing indicates that the records are essential for the correct
application of the arbitration provision, a determination regarding the merits of the case,
and the calculation of damages, if any. In this regard, O'Connor's expert, Dr. Michael J.
Harris, testified that the documents requested are necessary to determine if Houston Pipe
Line sold gas that was priced below market, and the necessary data could not be obtained
from any other source. According to Harris, if Houston Pipe Line destroyed the data,
O'Connor would have no way of knowing if the price for gas had been manipulated or to
what extent the price had been altered. Depending on the format in which the data were
to be produced, Harris testified that it might require five to six months, as a "best case"
scenario, to analyze the data. 

 Venable Proctor testified that he would need the records of the pertinent sales to
determine whether or not the Platts article was true, insofar as the article indicated that one
of the defendants had manipulated the gas market. He testified that, without the
documents, the extent of the manipulation could not be determined, nor could damages
be determined, and it would cause O'Connor irreparable harm. He had no knowledge
regarding the loss or destruction of relevant documents. 

 William Seerden testified that there was no way that discovery or an arbitration
hearing could be completed within sixty days. 

 This evidence is sufficient to support the trial court's entry of the temporary
injunction. It demonstrates the likelihood of a wrongful act, and establishes that if
documents were lost or altered, O'Connor would suffer irreparable harm. Based on the
foregoing, the trial court did not clearly abuse its discretion in entering the injunction at
issue. Accordingly, appellant's first issue is overruled.

 In its second issue, Houston Pipe Line contends that the trial court erred in declining
to rule on its motion to compel arbitration until after discovery and declining to stay the trial
court proceedings. This issue is not subject to interlocutory appeal; however, it may be
addressed, as it is herein, through the petition for writ of mandamus. Accordingly, this
issue is overruled with regard to the appeal;we will address this issue in conjunction with
the original proceeding.

 Having overruled each of appellant's issues in the interlocutory appeal, we affirm
the order of the trial court granting injunctive relief.

IV. Petition for Writ of Mandamus


 In its petition for writ of mandamus, Houston Pipe Line raises two issues. It
contends that the trial court erred by (1) refusing to rule on and failing to summarily grant
its motion to compel arbitration and its request to stay trial court proceedings, and (2)
granting O'Connor's motion to compel discovery. Houston Pipe Line asks that we direct
the trial court to vacate its orders declining to rule on their motion to compel arbitration,
refusing to grant a stay, and compelling production of documents. Houston Pipe Line
further requests that this Court enter an order compelling arbitration, or alternatively,
staying discovery and compelling the trial court to summarily rule on the motion to compel
arbitration. 

 The Texas Supreme Court has delineated the procedure to be followed when a
motion to compel arbitration has been filed: 

 The trial court may summarily decide whether to compel arbitration on the
basis of affidavits, pleadings, discovery, and stipulations. However, if the
material facts necessary to determine the issue are controverted, by an
opposing affidavit or otherwise admissible evidence, the trial court must
conduct an evidentiary hearing to determine the disputed material facts. 


Jack B. Anglin Co., 842 S.W.2d at 268-69; see In re Bunzl USA, Inc., 155 S.W.3d 202, 208
(Tex. App.-El Paso 2004, orig. proceeding). The procedure that courts should follow when
faced with a motion to compel arbitration is "essentially a motion for summary judgment,
subject to the same evidentiary standards." In re Jebbia, 26 S.W.3d 753, 756-57 (Tex.
App.-Houston [14th Dist.] 2000, orig. proceeding). With regard to discovery, the trial court
has no discretion to defer ruling on arbitration until after the completion of discovery. In re
Great W. Drilling, Ltd., 211 S.W.3d 828, 835 (Tex. App.-Eastland 2006, orig. proceeding)
("Delaying a decision on a motion to compel arbitration until after discovery is completed,
we found, defeated the goal of resolving arbitration issues promptly."); In re Champion
Techs., Inc., 173 S.W.3d 595, 598-99 (Tex. App.-Eastland 2005, orig. proceeding); In re
MHI P'shp., 7 S.W.3d at 923. (4) Moreover, once the parties have shown a valid agreement
to arbitrate and the arbitration has been instituted, further discovery is governed by the
arbiters. See, e.g., Universal Computer Sys. v. Dealer Solutions, L.L.C., 183 S.W.3d 741,
750 (Tex. App.-Houston [1st Dist.] 2005, pet. denied). (5) Furthermore, in deciding whether
the parties have agreed to submit a particular grievance to arbitration, a court is not to rule
on the potential merits of the underlying claims. See id.

 The trial court cannot delay ruling on a motion to compel arbitration until discovery
has been completed because this would defy the purpose of arbitration and the application
of a summary procedure. See e.g., In re Great W. Drilling, Ltd., 211 S.W.3d at 835. 
However, there is no rule mandating a strict deadline for the court to rule on a motion to
compel arbitration. Moreover, as discussed previously, it is clear that the trial court can
allow discovery in some circumstances pending its ruling on a motion to compel arbitration. 
The Texas Supreme Court in Anglin specifically stated that the trial court may "summarily
decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and
stipulations." See Anglin, 842 S.W.2d at 269 (emphasis added). Moreover, an evidentiary
hearing is required if there are disputed material facts. See id. Furthermore, the Texas
Act allows the court to issue, "in its discretion an order for a deposition for discovery,
perpetuation of testimony, or evidence needed before the arbitration proceedings begin,"
or to grant "other relief . . . in its discretion, needed to permit the arbitration to be conducted
in an orderly manner and to prevent improper interference or delay of the Arbitration." Tex.
Civ. Prac. & Rem. Code Ann. § 171.086(4), (6); see Universal Computer Sys., 183 S.W.3d
at 750 (contrasting trial court's authority to resolve an existing discovery dispute with
authority to facilitate an arbitration).

 Under the present circumstances, the trial court did not abuse its discretion in
allowing the instant discovery before ruling on Houston Pipe Line's motion to compel
arbitration and request to stay trial court proceedings. The trial court is not deferring its
ruling until the completion of discovery, but rather, in its discretion, is allowing
circumscribed discovery needed to determine the merits of the motion to compel arbitration
and if necessary, to permit the arbitration to be conducted in an orderly manner and to
prevent improper interference or delay of the arbitration.

 We note that, in considering the issues herein, we do not reach the merits of the
motion to compel arbitration or the arbitrability of the instant dispute. The trial court has
not ruled on the merits of this matter and has expressly deferred its ruling pending the
continuation of the hearing. Therefore, the merits of the arbitration motion and any contest
to it are not ripe for our consideration. In re The Shredder Co., 225 S.W.3d 676, 680 f.5
(Tex. App.-El Paso 2006, orig. proceeding); In re MHI P'ship, Ltd., 7 S.W.3d at 921 f.6;
Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202, 205 (Tex. App.-Houston [1st Dist.] 1997, orig.
proceeding); see In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999). Whether the motion to
compel arbitration should be granted or denied is a matter that remains within the trial
court's discretion. (6) We note that mandamus may issue if a court does not issue a ruling
on a motion to compel arbitration within a reasonable period of time. See In re The
Shredder Co., 225 S.W.3d at 680; see also In re Landmark Org., L.P., No. 13-04-00527-CV, 2004 Tex. App. LEXIS 9754, at *3-4 (Tex. App.-Corpus Christi Nov. 1, 2004, orig.
proceeding) (per curiam) (mem. op). However, such is not the case presently before this
Court.

V. Conclusion


 We affirm the trial court's order. We deny the petition for writ of mandamus.

 

 _______________________

 ROGELIO VALDEZ

 Chief Justice


Opinion delivered and filed 

this the 26th day of August, 2008.

 
1. The Gas Purchase Agreement is between O'Connor and Houston Pipe Line Company. In 2005, the
other appellants/relators acquired Houston Pipe Line Company. 
2. Inside FERC is a weekly publication of the McGraw-Hill Companies, Inc.. The publication covers
the natural gas, gas pipeline, hydropower, and electric utility industries and the Federal Energy Regulatory
Commission's regulation of the same. 
3. Article 8, section 7 of the Gas Purchase Agreement provides in part that: "The provisions of this
Agreement shall not impart rights enforceable by any person, firm or organization not a Party or bound as a
Party, or not a permitted successor or assignee of a Party bound to this Agreement." 
4. This Court's decision in CP & Assoc. v. Pickett, 697 S.W.2d 828, 831 (Tex. App.-Corpus Christi
1985, no writ), which upheld the trial court's decision to stay arbitration proceedings until the completion of
discovery, predated the supreme court's decision in Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271-72
(Tex. 1992) (orig. proceeding), and accordingly, does not control our analysis in the instant case.
5. Appendix 1 to the Gas Purchase Agreement provides that "In determining the extent of discovery,
the number and length of depositors, and all other pre-hearing matters, the arbitrators shall endeavor to the
extent possible to streamline the proceedings and minimize the time and cost of the proceedings. The final
hearing shall be conducted within 60 days of the selection of the third arbitrator." Elsewhere, the Agreement
provides that "all arbitrators shall agree in writing to follow the timetable set forth in this Agreement."
6. O'Connor has filed a motion in these consolidated matters asking this Court to take judicial notice
of the Federal Energy Regulatory Commission's order to show cause and notice of proposed penalties against
Energy Transfer Partners, L.P. on grounds that the factual background shown therein "establishes that some
or all of O'Connor's claims against Relators . . . are outside of the scope of the arbitration agreement at issue
here." Because we do not reach the merits herein, we dismiss this motion as moot.